**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MEHRAD FARDIJOUYBARI,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department Homeland Security, et. al.

Respondents.

Case No.: 26-cv-3840-BJC-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**BACKGROUND**

Petitioner Mehrad Fardijouybari, a citizen of Iran, entered the United States on October 18, 2024, and was detained by the Department of Homeland Security ("DHS") the same day. ECF No. 1 at 19; ECF No. 4-1 at 3. He received a referral for a credible fear interview on October 20, 2024, and was served with a Notice to Appear on December 10, 2024. ECF No. 4-1 at 2-8. On August 11, 2025, an immigration judge denied Petitioner's applications for asylum, withholding of removal and deferral of removal, and ordered Petitioner removed to Iran. *Id.* at 10-13. Petitioner's appeal was dismissed on February 26, 2026.

On July 1, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondent filed a return to the petition on July 14, 2026, and Petitioner filed a traverse on July 21, 2026. ECF Nos. 6, 7.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner asserts his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8. U.S.C. § 1231. Petitioner argues he rebuts the presumptive reasonableness of his detention, because there is no significant likelihood he will be removed to Iran in the reasonably foreseeable future. He further argues the removal policies in the July 9, 2025 Immigration and Customs Enforcement memo violate the Fifth Amendment, 8 U.S.C. § 1231, and the Convention Against Torture. He maintains due process requires adequate notice and an opportunity to be heard before removing him to a third country. ECF No. 1. at 14-16.

Respondents argue Petitioner's claim is barred by 8 U.S.C. § 1252, the petition is premature, and Petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 4.

### I. Jurisdiction

Respondents contend Petitioner's claims arise from the Attorney General's decision to execute removal orders and, therefore, his claims are jurisdictionally barred pursuant § 1252(g). ECF No. 4 at 2-3. Congress explicitly divested the court of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The

provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)). Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991)).

Petitioner's claim, which challenges his detention as unconstitutionally prolonged, is merely collateral to, but does not arise from, the decision to commence and adjudicate proceedings. *See Nguyen v. Fasano*, 84 F. Supp. 2d 1099, 1104 (S.D. Cal. 2000) ("Petitioners' challenge to their indefinite detention is [ ] distinct from a petition that seeks review of the bond determination itself."); *Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1126 (S.D. Cal. 1999) ("[A] challenge to the constitutionality of confinement pending deportation does not address any discretionary action by the Attorney General, and "does not implicate the three categories of unreviewable decisions specified in § 1252(g)."); *Diaz-Zaldierna v. Fasano*, 43 F. Supp. 2d 1114, 1117 (S.D. Cal. 1999) ("The propriety of holding petitioner without any possibility of release on bail is distinct from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'"). Accordingly, § 1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims.

**II. Merits of the Petition**

Pursuant to § 1231, non-citizens subject to a final order of removal must be detained during the removal period. 8 U.S.C. § 1231(a)(1)(A). The removal period is the ninety days within which the Attorney General must remove an individual ordered removed. *Id*. The removal period begins on the latest of the following dates: "(i) [t]he date the order of

removal becomes administratively final; (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) [i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

The petition is not premature. The presumptively reasonable six-month period of detention discussed in *Zadvydas* is rebuttable. *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1093 (C.D. Cal. 2020) ("*Zadvydas* established a 'guide' for approaching detention challenges, not a categorical prohibition on claims challenging detention less than six months."); *see also Ndandu v. Noem*, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (Collecting cases finding the six-month presumption is rebuttable.). The Court finds Petitioner demonstrates "that there is no significant likelihood of removal in the reasonably foreseeable future," and Respondents fail to rebut this showing. *Zadvydas*, 533 U.S. at 701. Petitioner has been in custody for over a year and has been subject to a final order of removal for over five months. While Respondents contend they have the documents to request repatriation to Iran, they admit removals to Iran are "paused" due to the closure of Iranian airspace. ECF No. 4-1 ¶¶ 8, 9. They provide no information on when airspace will be reopened and how long after it is reopened that removal can occur. Petitioner cannot be removed to his country of citizenship in the reasonably foreseeable future, and he would be entitled to seek protection from removal to a third country. Therefore, Petitioner is entitled to release under *Zadvydas*.

Moreover, due process supports Petitioner's request for injunctive relief related to ICE's policy regarding third country removals presented in the memo dated July 9, 2025. ECF No. 1 at 2. Several courts within the Ninth Circuit have held the policies provided in the ICE memo violate due process. *Lapshin v. Bondi*, No. C25-2245-KKE, 2026 WL 71407, at *5 (W.D. Wash. Jan. 9, 2026); *Elshourbagy v. Bondi*, No. 2:25-CV-02432-TL, 2025 WL 3718993, at *8 (W.D. Wash. Dec. 23, 2025); *Escobar v. Chestnut*, No. 1:25-CV-01801-DJC-EFB, 2025 WL 3687639, at *4 (E.D. Cal. Dec. 19, 2025); *Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *7 (S.D. Cal. Dec. 10, 2025); *Vishal v.*

*Chestnut*, __ F.Supp.3d __, 2025 WL 3511815, at *6 (E.D. Cal. Dec. 8, 2025); *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *6 (C.D. Cal. Sept. 26, 2025). This Court agrees. The memo suggests removal to a third country may occur without an opportunity to be heard if the United States receives and believes diplomatic assurances that there will be no persecution or torture. According to the Ninth Circuit, "last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016). Additionally, when the third country does not provide such assurances, ERO "will not affirmatively ask whether the alien is afraid of being removed to that country." However, "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum. . .and for withholding of deportation to the country to which they will be deported violates" regulations and due process. *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) (citing *Kossov v. INS*, 132 F.3d 405, 408–09 (7th Cir.1998)).

Based on the foregoing, the Court ORDERS:

1. The petition for writ of habeas corpus is GRANTED.

2. Respondents shall immediately release Petitioner.

3. Respondents are ENJOINED from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal.

4. Respondents are ENJOINED from re-detaining Petitioner without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

5. Respondents are ENJOINED from removing Petitioner to a third country unless they adhere to the following procedures:

a. provide written notice to Petitioner, in a language he can understand and to his counsel;

b. provide Petitioner a minimum of ten (10) days to raise a fear-based claim for CAT protection prior to removal;

c. if Petitioner demonstrates reasonable fear of removal to the country, Respondents must move to reopen Petitioner's removal proceedings;

d. if Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days for Petitioner to seek reopening of his immigration proceedings.

6. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: August 3, 2026

Honorable Benjamin J. Cheeks
United States District Judge